UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-12480-GAO

CAFFEINATE LABS, INC.,
Plaintiff,

v.

VANTE INC, and ALEXANDER SHLAFERMAN
Defendants.

OPINION AND ORDER
July 6, 2017

O'TOOLE, D.J.

Caffeinate Labs, Inc. ("Caffeinate") filed patent infringement and other unfair business practices claims against Vante, Inc. and Alex Shlaferman. One claim alleged infringement of a design patent. The defendants moved to dismiss the design patent infringement claim (Mot. to Dismiss for Failure to State a Claim (dkt. no. 19)), and before this Court acted on that motion, Caffeinate moved to voluntarily dismiss the design infringement claim with prejudice (dkt. no. 34). The defendants then moved for sanctions under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent power to sanction. (Defs.' Resp. to Pl.'s Mot. to Dismiss Pl.'s Design Patent Infringement Claim, Ex. 4 (dkt. no. 35-4) ("sanctions motion").) The issue currently before this Court is whether sanctions are warranted under these circumstances.

Rule 11 is designed to deter parties from pursuing unwarranted or frivolous claims or defenses. Cruz v. Savage, 896 F.2d 626, 630 (1st Cir. 1990) (citing to Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendment)). However, "the imposition of sanctions is discretionary rather than mandatory." E.E.O.C. v. Tandem Computers Inc., 158 F.R.D. 224, 227 (D. Mass 1994).

Rule 11 contains procedures that a party moving for sanctions must adhere to. See Fed. R. Civ. P. 11(c)(2). The most significant procedural requirement is that the moving party must serve the proposed motion on the target opponent and then wait at least twenty-one days before filing that motion with the court. See id. The purpose of the built-in delay is to provide the non-moving party with the safe harbor opportunity to withdraw or correct the "challenged paper, claim, defense, contention, or denial." Id. Failure to wait the full period before moving for sanctions warrants dismissal of the sanctions motion. See Martins v. Charles Hayden Goodwill Inn Sch., 178 F.R.D. 4, 7 (D. Mass. 1997).

The relevant chronology is this: The defendants sent Caffeinate's attorney an email containing a proposed Rule 11 motion for sanctions on Friday, March 17, 2017 at 8:55 p.m. The defendants accordingly assert that service of the motion was completed on March 17, and that the safe harbor period expired on Friday, April 7.[1] According to this view, the safe harbor period expired before Caffeinate filed its motion to withdraw the design patent infringement claim on April 10.

Caffeinate argues that the defendants' email containing the proposed motion, which was sent at 8:55 p.m. on Friday, March 17, was not seen or read until the following morning and should therefore be treated as having been served on Saturday, March 18. Based on a service date of March 18, the safe harbor period ended on April 10[2], which is the day that Caffeinate moved to dismiss its design patent claim. On this timeline, Caffeinate withdrew the challenged claim within

---

[1] Under Federal Rule of Civil Procedure 6, when computing a time period stated in days, like the safe harbor period, "exclude the day of the event that triggers the period." Fed. R. Civ. P. 6.

[2] With a service date of March 18, the end of the safe harbor period would have fallen on Saturday April 8, but Rule 6(a)(1)(C) states that if the last day of a period falls on a Saturday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." In this instance, the appropriate end date would be Monday April 10.

2

the safe harbor period, thus protecting it from Rule 11 sanctions. See Fed. R. Civ. P. 11(c)(2). While no rule expressly addresses the question of after-hours electronic service, Caffeinate notes that this District's local rule regarding the timely filing of electronic documents requires that "electronic transmissions of documents be completed prior to 6:00 p.m. to be considered timely filed that day." LR 5.4(d). While this rule applies only to filing deadlines, it does provide as a useful—and sensible—analogy for timeliness of electronic service as well.

On the facts and circumstances presented, I find that Caffeinate withdrew the design patent infringement claim within the safe harbor period, and therefore that sanctions under Rule 11 are not warranted.[3] Caffeinate's argument on this point is persuasive because allowing parties to utilize after-hours service to gain advantage should not be encouraged. Ultimately, the intention of Rule 11's safe harbor provision is to provide a party with a reasonable amount of time to withdraw or amend a challenged filing, and attempts to minimize that period should not be allowed.

Alternatively, the defendants move for sanctions under 28 U.S.C. § 1927, arguing that Caffeinate's pursuit of the design patent infringement claim unreasonably and vexatiously increased the proceedings in this case. Under § 1927, an attorney's conduct is vexatious if it is "harassing or annoying." Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 245 (1st Cir. 2010) (quoting Cruz, 896 F.2d at 632). The conduct must go beyond "carelessness or even incompetence" and "evince a studied disregard of the need for an orderly judicial process, or add up to a reckless breach of the lawyer's obligations as an officer of the court." Id. at 245–46 (quoting Jensen v. Phillips Screw Co., 546 F.3d 59, 64 (1st Cir. 2008)). In support of this claim, the defendants recount their interactions with Caffeinate's counsel regarding the design patent infringement

---

[3] Although Caffeinate offers several other arguments as to why the Rule 11 sanctions should not be imposed, it is unnecessary to discuss them in light of this finding.

3

claim, but they do not offer sufficient facts or reference any case law that suggests the actual conduct of Caffeinate's attorneys rose to the level required to justify statutory sanctions under § 1927.

The defendants also argue that the court should use its inherent power to sanction Caffeinate. A district court may invoke its power to sanction parties or attorneys who "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991) (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258–59 (1975)). However, these circumstances do not warrant the exercise of that power.

In sum, the defendants' motion for sanctions (dkt. no. 35-4) is DENIED. Caffeinate's motion to voluntarily dismiss its design patent infringement claim with prejudice (dkt. no. 34) is GRANTED, making the defendants' motion to dismiss that claim (dkt. no. 19) MOOT.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge